IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RASHIDA CLOUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. |
| | ) | |
| MOREHOUSE SCHOOL OF MEDICINE, INC. and VALERIE MONTGOMERY RICE, M.D., | ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| _____ | ) | |

## COMPLAINT

Plaintiff Rashida Cloud brings this suit—demanding trial by jury—under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, and for state law breach of contract to recover unpaid overtime compensation, liquidated damages, unreimbursed expenses and her costs and attorney's fees from Defendants Morehouse School of Medicine, Inc. and Valerie Montgomery Rice, M.D.

## OVERVIEW

1. Defendants Morehouse School of Medicine, Inc. and Valerie Montgomery Rice, M.D. (together, "Defendants"), have failed to pay Plaintiff

Rashida Cloud federally mandated overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201, *et seq*.

## JURISDICTION AND VENUE

2. The claims herein present federal questions, and jurisdiction of this Court is predicated under 28 U.S.C. §1331, and the FLSA, 29 U.S.C. §216(b). Supplemental jurisdiction over the state-law claims is predicated under 28 U.S.C. §1367.

3. Venue is proper pursuant to 28 U.S.C. §1391. The cause of action arose in Fulton County, Georgia, in the Northern District of Georgia.

## PARTIES

4. Plaintiff Rashida Cloud ("Plaintiff Cloud" or "Ms. Cloud") is a resident of the Northern District of Georgia and a citizen of the State of Georgia. Ms. Cloud was an employee of Morehouse School of Medicine from December 3, 2012 to April 8, 2014, and is entitled to the protections of the FLSA under 29 U.S.C. §203(e).

5. Defendant Morehouse School of Medicine ("Defendant Morehouse" or "MSM") is a non-profit Georgia corporation, and process may be served upon its registered agent, Santhia Curtis, at 720 Westview Drive, S.W., Atlanta, Georgia 30310. MSM is a private academic institution of higher learning subject to the personal jurisdiction of this Court.

6. Defendant Valerie Montgomery Rice, M.D. ("Defendant Montgomery Rice" or "Dr. Montgomery Rice") is a resident of the Northern District of Georgia and a citizen of the State of Georgia. This Court has personal jurisdiction over Dr. Montgomery Rice.

7. Under 29 U.S.C. §203(d), the definition of "employer" with regard to liability under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Defendants MSM and Dr. Montgomery Rice were substantially in control of the terms and conditions of Ms. Cloud's work and therefore both may be considered a statutory employer under 29 U.S.C. §203(d).

8. MSM and Dr. Montgomery Rice are each an "employer" as defined by Section 3(d) of the FLSA and enterprises engaged in commerce within the meaning of Section 3(s)(1) of the FLSA. [29 U.S.C. §203(s)(1)].

9. MSM and Dr. Montgomery Rice have violated the provisions of Sections 7 and 15(a)(2) of the FLSA [29 U.S.C. §§207 and 215(a)(2)] by employing Plaintiff Cloud, an employee engaged in commerce, for work weeks longer than 40 hours without compensating Plaintiff Cloud for her employment in excess of 40 hours at a rate not less than 1½ times the regular rate at which Plaintiff Cloud was employed.

10. Defendants' violations of the FLSA were willful and without justification or excuse under the FLSA because Defendants knowingly falsely classified Plaintiff Cloud as a so-called "exempt" employee with full knowledge that her actual tasks and day-to-day job duties did not meet the standards of any exemption under the FLSA. Based on these willful violations, Ms. Cloud seeks liquidated damages pursuant to 29 U.S.C. §216(b).

11. Ms. Cloud also seeks attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## FACTUAL ALLEGATIONS

12. Ms. Cloud was employed full time by MSM from December 3, 2012 until April 8, 2014, although she was out on maternity leave from October 8, 2013 until December 9, 2013.

13. Ms. Cloud accepted a position as the "Executive Assistant" to Dr. Valerie Montgomery Rice, M.D., the Dean and Executive Vice President of MSM. Ms. Cloud was to be paid $60,000 per year, and was to be classified as and perform as an "exempt" employee with the understanding that she would work an average of 40 hours a week managing the office of the Executive Vice President.

14. However, during the course of her employment from December 3, 2012, until she was involuntarily terminated on April 8, 2014, Ms. Cloud did not perform the duties described in her job description. Instead, Dr. Montgomery Rice

required that Ms. Cloud run personal errands for her during and after business hours, such as shopping at Neiman Marcus, purchasing flowers, setting up personal lunches, coordinating her husband's calendar, coordinating appointments for her children such as sporting events, a doctor's appointment for her son as well as organizing the son's high school graduation luncheon.

15.  Ms. Cloud also was relegated to performing primarily clerical and secretarial tasks that included scheduling of meetings, travel and Dr. Montgomery Rice's attendance at conferences.

16.  When Ms. Cloud expressed concern that the personal tasks were consuming her time instead of the duties in her job description, Dr. Montgomery Rice rebuked her and said that Ms. Cloud's job was not to manage the office, but strictly to attend to her.

17.  MSM compensated Ms. Cloud based on a biweekly "salary" of $2,307.69 or approximately $29.00 per hour for a 40-hour workweek. However, Ms. Cloud routinely was required to work in excess of 40 hours per week due to the demands of Dr. Montgomery Rice.

18.  During the relevant period, Ms. Cloud worked numerous weeks in excess of 40 hours in a workweek ("overtime hours"), yet was not compensated for the work in excess of 40 hours at a rate not less than 1½ times the regular rate that she was paid.

19. Defendants regularly required Ms. Cloud to work extended hours. For instance, Ms. Cloud was required to remain at the office in order to be available to Dr. Montgomery Rice at the close of meetings that concluded late in the evenings.

20. Defendants also required Ms. Cloud to work from home early in the morning, in the evening and on weekends to respond to phone calls, e-mails and text messages.

21. Defendants told Ms. Cloud that she would be given an employer-provided cell phone for work use. However, Defendants did not provide a cell phone and did not reimburse Ms. Cloud for the use of her personal cell phone for work that Defendants required.

22. Dr. Montgomery Rice required that Ms. Cloud run personal errands for her during business hours. Specifically, Ms. Cloud was sent on shopping errands at Neiman Marcus, Hobby Lobby, and Target for Dr. Montgomery Rice. Ms. Cloud's mileage expenses for using her own car for employer business were never reimbursed.

23. Defendants' failure to pay Ms. Cloud the overtime compensation required by the FLSA was willful. Dr. Montgomery Rice and MSM knew from prior experience that there was no basis for Defendants to classify Ms. Cloud as an exempt employee pursuant to 29 U.S.C. §213(a)(1). Dr. Montgomery Rice and MSM's conduct in not complying with the FLSA was willful.

24. Defendants misclassified Ms. Cloud as an "exempt" employee with the knowledge she would perform the exact job functions as employees working for other administrators who were compensated for overtime.

25. Ms. Cloud is owed at least 354 hours of uncompensated overtime pay. Based on her actual hours worked, Ms. Cloud is owed at least 2 hours for 2012, 301 hours for 2013, and 51 hours for 2014.

26. Ms. Cloud is also owed reimbursement for mileage and for the use of her personal cell phone.

## COUNT I: FAILURE TO COMPENSATE FOR OVERTIME HOURS IN VIOLATION OF FLSA

27. Plaintiff Cloud incorporates by reference paragraphs 1-26 of this Complaint as if set forth fully here.

28. Plaintiff Cloud brings this action to recover overtime compensation under 29 U.S.C. §216(b).

29. Defendants did not properly compensate Plaintiff Cloud for overtime hours during the relevant period of her employment with MSM.

30. Defendants failed to keep all records required by 29 U.S.C. §211(c) regarding the wages, hours, and other conditions of employment of Plaintiff Cloud for the time period required by law.

31. Defendants acted willfully in failing to pay the overtime compensation required by the FLSA to Plaintiff Cloud.

32. Plaintiff Cloud is entitled to the recovery of twice her unpaid overtime compensation in liquidated damages pursuant to 29 U.S.C. §216(b).

33. Plaintiff Cloud is also entitled to recover her attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II: BREACH OF CONTRACT IN VIOLATION OF STATE LAW

34. Plaintiff re-alleges and incorporates by reference Paragraphs 1-26 of this Complaint as if fully set out below.

35. Defendant as conditions of employment was to provide Plaintiff with a cell phone for business use and to reimburse her for mileage for business travel.

36. Defendant failed to provide Plaintiff with a cell phone or to reimburse her for the business use of her cell phone or mileage for the use of her automobile.

37. Plaintiff is entitled to recover for unpaid mileage and cell phone reimbursement.

WHEREFORE, Ms. Cloud demands a TRIAL BY JURY and for the following relief:

    (a) An award to her of the overtime pay she is owed;

    (b) An award to her of liquidated damages for Defendants' willful violations of the FLSA's overtime provisions;

    (c) Reasonable attorney's fees and costs;

    (d) Reimbursement for mileage and cell phone use; and

     (e)    Such other relief as this Court finds just and proper.

Respectfully submitted this 1st day of May, 2014.

                                            Respectfully submitted,

                                            s/<u>Elizabeth Ann Morgan</u>
                                            Elizabeth Ann Morgan
                                            Georgia Bar No. 522206
                                            Christopher A. Cortez
                                            Georgia Bar No. 810489
                                            THE MORGAN LAW FIRM P.C.
                                            260 Peachtree Street
                                            Suite 1601
                                            Atlanta, Georgia 30303
                                            TEL:  404-496-5430
                                            morgan@morganlawpc.com
                                            cortez@morganlawpc.com
                                            *Counsel for Plaintiff*